## Ex Parte P. F. Wilbur.

No. 24900. May 31, 1950.

*Goodenow & Gregg,* by *George I. Goodenow,* Texas City, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator was tried and convicted in the corporation court of the City of Galveston and fined $1.00 and costs, on a complaint charging him with "Violating Grain Ordinance." He appealed to the county court where he was again tried, found guilty and assessed a fine of $25.00. He then filed his application for writ of habeas corpus before the district judge who, after hearing, re fused to order his release. This is an appeal from that order.

It is alleged that the relator was illegally restrained of his liberty by F. L. Biaggne, Sheriff of Galveston County.

According to the application, supported by the evidence in the case, the "Grain Ordinance" referred to in the complaint reads as follows:

"It shall be unlawful for any person to take, receive or carry away any corn, grain, produce or other commodity from any grain car or other car loaded or unloaded, standing upon any waterfront property and it shall be unlawful for any person to buy, receive or handle any such corn, grain, produce or other commodity in any quantities, so taken or received from such cars. But nothing in this section shall be construed as applying to employees upon waterfront properties who are lawfully engaged in the duties of their employment. (Code 1917, art 141.)"

The petition attacks the validity of said ordinance on a number of grounds. The state was represented by the Assistant County Attorneys Jean Hosey and Hugh Gibson, Jr., who contested the application and cross-examined appellant's witnesses. The ordinance was introduced in evidence, in accordance with the language above quoted, and if there is any penalty affixed for the violation denounced it does not appear in this record.

Consequently, no authority is shown for the assessing of the fine imposed by the jury.

It requires no analysis of the ordinance quoted to discover that it is vague, indefinite, uncertain and probably subject to other exceptions. There is no limitation, description or other identifying words to fix the area in which one is forbidden to take grain or other produce from a grain car or other car. If given effect, one owning property and living on a waterfront, according to the ordinary acceptation of that term, could not haul grain to his own bin and unload it therein for his own use, regardless of how or where he acquired it. The only exception to the article would be "employees upon waterfront properties who are lawfully engaged in the duties of their employment." Owners of waterfront property, as well as strangers to it, would be forbidden to unload any corn, grain, produce or other commodity for any purpose, under any condition, within the area for which the ordinance was intended to apply.

Without discussing the other objections raised to the ordinance, we think it is void for uncertainty. The judgment of the trial court is reversed and the relator is ordered discharged from the custody of the respondent.